STATE ex rel. the MONTANA POWER COMPANY, a corporation, Petitioner, v. The DISTRICT COURT of the STATE OF MONTANA, in and for the COUNTY OF FLATHEAD and the HONORABLE ROBERT C. SYKES, a Judge thereof, Respondents.

No. 13070.
Decided Sept. 22, 1975.
540 P.2d 318.

MR. JUSTICE CASTLES would grant motion to dismiss.

Merritt N. Warden (argued), Kalispell, for petitioner.

Dale L. McGarvey, (argued), Kalispell, for respondents.

## ORDER

PER CURIAM:

This is an original proceeding wherein petitioner filed an application for a supervisory writ to cause the reversal of a certain order denying a motion to dismiss, together with other orders issued by the respondent court in cause No. 15,543, entitled *J. O. Blasdel, Plaintiff, vs. The Montana Power Company, a Corporation, Defendant,* pending in the respondent court.

Following an ex parte presentation by counsel for petitioner an adversary hearing was ordered. At the conclusion of such adversary hearing we accepted the application and ordered it heard on three issues, being (1) laches; (2) matters dealing with interrogatories; and (3) applicability of the statute of limitations.

The cause was thereafter set for argument and following such argument it was taken under advisement. The Court having now considered the application and documents attached, briefs and argument, it is ordered:

A. As to laches it is our view that the same is chargeable in a measure to both parties, at least it cannot be said that the delays and failure to cooperate by counsel, apparent in this litigation, were solely the fault of plaintiff's counsel.

B. Insofar as the interrogatories are concerned these are problems which can be handled by the district judge and it is our suggestion to him that he require prompt and pertinent answers to such interrogatories.

C. As to the applicability of the defense of the statute of limitations, at this stage of the litigation it is premature to express an opinion as to whether it is appllicable or not, and insofar as the court's ruling that such defense does not apply as a matter of law, that likewise is premature since whether it is available to the defendant depends on the factual situation as it develops at the trial.

Since there exists a plain, speedy and adequate remedy at law by way of appeal following a trial we do not feel that supervision of the trial court at this time is necessary.

However, we would suggest to the respective counsel that they endeavor to promptly comply with the court's orders and to cease dilatory practices. Likewise we recommend to the district judge that he require all further proceedings in this matter be handled with promptness and dispatch. Surely a case pending for a period of fifteen years without decision is no credit to either Bench or Bar.

In view of what we have heretofore stated the relief sought is denied and this proceeding is ordered dismissed without prejudice.

MR. JUSTICE CASTLES would grant the motion to dismiss.

The HONORABLE ROBERT BOYD, District Judge, sat in place of MR. JUSTICE HASWELL.